Jiyoung Kym, Esq. (SBN: 125974)
LAW OFFICES OF JIYOUNG KYM
3333 Wilshire Blvd., Suite 320
Los Angeles, CA 90010
Telephone: (213) 386-0800
Facsimile: (213) 383-7758
Attorney for Debtor MINHO SON



**FILED & ENTERED**

**MAR 28 2016**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY castro    DEPUTY CLERK**

<u>**ORDER NOT FOR PUBLICATION**</u>

**CHANGES MADE BY COURT**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re:

MINHO SON,

    Debtor.

Case No.: 2:16-bk-12794-RK

Chapter 7

**ORDER CONDITIONALLY GRANTING DEBTOR'S MOTION TO SET ASIDE ORDER FOR DISMISSAL AND REINSTATING CHAPTER 7 CASE**

[No Hearing Required]

    Pending before the court is Debtor Minho Son's ("Debtor") Motion to Set Aside Order for Dismissal ("Motion"). ECF 12. On March 22, 2016, the court entered an order dismissing Debtor's Chapter 7 case for failure to timely file his case opening documents by the March 18, 2016 deadline. ECF 10.

Page 1

Having considered the Motion and the attached Declaration of Debtor's Counsel, Jiyoung Kym ("Counsel"), the court determines that Debtor in his Motion has provided sufficient explanation to show that his failure to timely file his case opening documents was due to his Counsel's "excusable neglect" in filing the documents four days late due to him being "sick" to warrant reconsideration of the dismissal of Debtor's bankruptcy case under Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9024, which incorporates by reference Federal Rule of Civil Procedure ("Civil Rule") 60(b)(1).  Additionally, the court notes that Debtor filed his case opening documents on March 22, 2016.  ECF 11.

However, the Motion is procedurally defective, since Counsel Jiyoung Kym's attached Declaration does not support Debtor's claim that his failure to timely file his case opening documents was due to Counsel being sick.  *See* Local Bankruptcy Rule 1017-2(c)(1) ("Any motion requesting that the dismissal of a case for failure to timely file a required document . . . be vacated . . . must be supported by a declaration under penalty of perjury establishing sufficient explanation why the documents were not timely filed . . .").

Additionally, Debtor argues that his Motion should be granted pursuant to Bankruptcy Rule 9024, which incorporates by reference Civil Rule 60(b)(6).  Rule 60(b)(6) provides that a party can be relieved from a final order for "any other reason that justifies relief."  Debtor argues that if his Motion is denied, he will be forced to commence a third bankruptcy case.  Since the dismissal of Debtor's pending bankruptcy case was due to his Counsel's "excusable neglect" as discussed above, the court determines that Debtor has established sufficient grounds for granting relief under Rule 60(b)(6).  However, the Declaration of Debtor's Counsel, Jiyoung Kym, attached to the Motion does not assert under penalty of perjury that his failure to timely file Debtor's case opening document was due to his "excusable neglect" of being sick as asserted in the Motion to meet the requirements of Local Bankruptcy Rule 1017-2( c)(1); *see also,* Local Bankruptcy Rule 9013-1(i)(requiring factual contentions made in motions to be supported by declarations and other written evidence).

In considering the totality of the circumstances of Debtor's Motion, and the explanation of his circumstances,

IT IS ORDERED as follows:

1. Debtor's Motion is GRANTED pursuant to Bankruptcy Rule 9024 and Local Bankruptcy Rules 1017-2(c)(1) and 9013-1(q), subject to the condition that Debtor remedies the procedural defect of the factual assertions of his Motion not being supported by competent and sufficient evidence, such as under a declaration under penalty of perjury, that supports the factual assertions made in the Motion as required by Local Bankruptcy Rules 1017-2(c)(1) and 9013-1(i) and as set forth in paragraph 5 below.

2. The order dismissing this bankruptcy case is hereby VACATED, and the case is reinstated as an active bankruptcy case.

3. The Chapter 7 trustee is ordered to be reappointed to administer Debtor's Chapter 7 case.

4. To remedy the procedural defect of the lack of a declaration under penalty of perjury supporting Debtor's claim of "excusable neglect" by Debtor's Counsel, Jiyoung Kym, that Debtor's Counsel did not file his case opening documents by the deadline because he was sick, Debtor's Counsel, Jiyoung Kym, is ordered to refile his declaration under penalty of perjury reciting a factual basis for the claim of his "excusable neglect" by <u>April 22, 2016</u> as required by Local Bankruptcy Rules 1017-2(c)(1) and 9013(i), or otherwise, the court may reconsider and vacate this order and issue another order for dismissal.  Failure of Debtor's Counsel, Jiyoung Kym, to timely file the amended declaration by April 22, 2016 may result in the imposition of sanctions against Debtor's Counsel, Jiyoung Kym, for failing

///

///

to comply with this order requiring him to support Debtor's motion with competent and sufficient evidence in a declaration under penalty of perjury pursuant to Local Bankruptcy Rules 1017-2(c)(1), 9013-1(i) and 9011-3(a), including but not limited to monetary sanctions of $100.00.

IT IS SO ORDERED.

### 

Date: March 28, 2016

_____
Robert Kwan
United States Bankruptcy Judge